IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                         No. CR 09-2619 JB

ERNIE MARTINEZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendant's Motion for Variance, filed May 16, 2011 (Doc. 41)("Motion"). The Court held a sentencing hearing on July 7, 2011. The primary issue is whether the Court should vary from the advisory guideline range of 188-235 months to a sentence of 92 months and thereby disregard Defendant Ernie Martinez' classification under the sentencing guidelines as a career offender. While the Court does not believe that it should disregard Martinez' status as a career offender, the Court also concludes that a sentence of 188 months is too high under the factors set forth in 18 U.S.C. § 3553(a), and the Court will therefore vary some, but not as much as Martinez requests, from the advisory guideline range. Accordingly, the Court will grant the motion in part and deny the motion in part, and sentence Martinez to 120 months imprisonment.

**FACTUAL BACKGROUND**

      Martinez was born in Farmington, New Mexico, and lived there most of his life. See Presentence Investigation Report ¶¶ 55, 58, at 20, 21 (disclosed December 23, 2010 and revised June 2, 2011)("PSR"). Martinez' mother and two siblings live there, as well as his ex-girlfriend and his

pre-teen daughter.  See PSR ¶¶ 55, 59, 60, at 20, 21.  He is a high school graduate, and speaks English and Spanish.  See PSR ¶¶ 66-67, at 22.  Martinez owes over $57,000.00 in back child support for his daughter.  See PSR ¶¶ 59-60, 75, at 21, 23.

Martinez has a criminal history of at least four prior felony convictions: (i) at least three for controlled substance offenses; and (ii) a crime of violence offense.  In 1993, when Martinez was thirty-one-years old, he was arrested for and later convicted of distribution of 4.5 kilograms of marijuana.  See PSR ¶ 28, at 7.  Also in 1993, Martinez was arrested for and later convicted of two counts of distributing marijuana -- twenty-one and sixteen grams respectively.  See PSR ¶ 29, at 8-9.  In 1995, he was convicted and sentenced to three consecutive 18-month terms of imprisonment for the three distribution counts for a total of 54-months.  See PSR ¶ 29, at 8-9.  These sentences also ran consecutively with a 364-day sentence for a 1994 driving-under-the-influence conviction.  See PSR ¶ 30, at 9-10.  The sentencing court suspended all but four-years imprisonment followed by four-year probation, which expired in June 2001.  See PSR ¶¶ 28-30, at 8-10.

In 2000, Martinez was arrested for and convicted in 2001 of possession of a controlled substance and felony driving under the influence.  See PSR ¶ 31, at 10.  He was originally sentenced to eighteen-months imprisonment, suspended, with 182 days in jail, but his probation was revoked after he tested positive for drug use and failed to turn himself in for a ten-day jail term in accordance with the terms of his agreement, and he was sentenced to two years and 231 days imprisonment, which included a one-year Habitual Offender term.  See PSR ¶ 31, at 10-11.

In 2004, Martinez was convicted of attempted intimidation of a witness, for which he was arrested in 2002.  See PSR ¶ 32, at 11.  He was sentenced to 18-months imprisonment plus a one-year Habitual Offender term, which was suspended except for 18 months.  See PSR ¶ 32, at 11.  He was placed on "absconder" status when he failed to comply with probation, to report, and to submit

to urinalysis testing. See PSR ¶ 32, at 13. Probation was revoked, and Martinez spent the remainder of his parole period, sixty-six days, in custody. See PSR ¶ 32, at 12. He was discharged from parole on April 2, 2006. See PSR ¶ 32, at 12.

On his 2008 conviction, Martinez was sentenced to 18-months imprisonment for his 2007 felony aggravated fleeing a law officer, and to 364 days for a suspended license, for a total of one day less than two- and one-half years. See PSR ¶ 33, at 13. Martinez failed to report to his probation officer on May 8, 2008. See PSR ¶ 33, at 13-14.

Martinez committed his federal offense on August 25, 2008. See PSR ¶ 7, at 4. On September 2, 2008, Martinez was arrested for a probation violation in the 2007 fleeing case. See PSR ¶ 9, at 4. On September 22, 2008, his probation was revoked, and Martinez was sentenced to four years of habitual offender time, with one year of parole to follow. See PSR ¶ 33, at 13-14. Martinez is still serving this sentence. See PSR ¶ 33, at 13-14. Martinez, now forty-nine-years-old, thus has five previous felony convictions.

## PROCEDURAL HISTORY

On October 14, 2010, Martinez pled guilty to a one-count Indictment charging him with distribution of fifty grams and more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Under the terms of the plea agreement, if Martinez "seek[s] a downward departure or variance . . . the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court." Plea Agreement ¶ 9(b) at 5, filed October 14, 2010 (Doc. 29).

The United States Probation Office ("USPO") disclosed a PSR for Martinez on December 23, 2010. The USPO disclosed the revised PSR June 2, 2011. The PSR calculated Martinez' adjusted offense level to be 31, including an 8-level career criminal enhancement. The PSR lists

his criminal history category as VI, based on 20 criminal history points, resulting in a guideline imprisonment range of 188 to 235 months.

On May 16, 2011, Martinez filed his Motion requesting a downward variance to a sentence of 92 months under 18 U.S.C. 3553(a). Martinez contends that a sentence in the guideline range is too harsh for this offense. He "understands and accepts that the plea agreement permits the government to withdraw the plea because of his motion for a variance." Motion at 2.

On June 21, 2011, Plaintiff United States of America filed its Response to Defendant's Sentencing Memorandum. See Doc. 43 ("Response"). The United States opposes the requested downward variance from the guideline imprisonment range. The United States argues that Martinez has an extensive criminal history, which spans twenty-five years of his life -- from 1985 to the present. See Response at 3-4. The United States asserts that Martinez' career criminal status is well-earned. The United States does not seek to withdraw the plea agreement. See Response at 2 ("Should the plea agreement herein be rejected as null and void, and should Defendant plead guilty without a plea agreement, his offense level would remain at an offense level 31 with his criminal history category remaining at VI. Thus, withdrawing the plea agreement would not appear to benefit either party." (citations omitted)).

On July 6, 2011, Martinez filed his Reply in Support of Motion for Variance. See Doc. 45 ("Reply"). Martinez first notes that "[t]he government has waived its right to withdraw the plea agreement." Reply at 1. Martinez then states that he "does not dispute probation's determination that he qualifies as a career offender under U.S.S.G. § 4B1.1(b)(B). However, [he contends that] under the facts of this case, the application of a career offender enhancement will result in a sentence greater than necessary to comply with the purposes of section 18 U.S.C. § 3553(a)(2)." Reply at 1.

At the sentencing hearing, Martinez requested that his federal sentence run concurrent to his

sentence from Case No. D-1116-CR-200700713 in the Eleventh Judicial District Court in Farmington, New Mexico. The United States did not object to this request. Martinez stated he believed he has five months left on his state sentence and that he has been in federal custody since February 22, 2010. Martinez has been on a writ of habeas corpus while in federal custody, he, so Martinez has been receiving credit for his state sentence while in federal custody.

## ANALYSIS

The Court accepts the plea agreement in this case, which primarily relates to the waiver of appeal and acceptance of responsibility. The Court has reviewed the PSR's factual findings and sentencing guideline applications with care. There not being any objection to the factual findings or guideline applications in the PSR, the Court will adopt those as its own. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a)(1) through (7), including the finding that the defendant is a career offender. Martinez' offense level is 31 and his criminal history category is VI. The guideline imprisonment range is 188 to 235 months.

Martinez requests that the Court vary downward to a sentence of 92 months, which is the equivalent of assessing no career criminal enhancement. Martinez asserts that his prior offenses, "except one fleeing offense and one offense of sending threatening letters, are non-violent drug crimes." Motion at 1. He further asserts that his federal offense currently before the Court was non-violent. U.S.S.G. § 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Martinez concedes that his conviction for "Aggravated Fleeing a Law Enforcement Officer under New Mexico Law qualifies as a crime of violence under § 4B1.2

-5-

pursuant to a categorical analysis." Motion at 7 (citing <u>United States v. McConnell</u>, 605 F.3d 822, 828 (10th Cir. 2010)("[P]rior convictions for eluding and evading police, at least when they involve a vehicle, should . . . categorically be deemed to present a serious potential risk of physical injury to another." (quoting <u>United States v. West</u>, 550 F.3d 952, 964 (10th Cir. 2008))(alterations in original)). Martinez thus does not contest that he qualifies as a career criminal under this provision, <u>see</u> Motion at 9 ("Probation correctly applied U.S.S.G. § 4B1.1(b)(B) . . . ."); he asserts, rather, that the career criminal enhancement produces an excessive punishment under the circumstances of his case. He requests that the Court vary downward pursuant to 18 U.S.C. § 3553(a). He contends that the longest sentence he received from the state of New Mexico was 18 months. Based on the state's sentencing pattern, he contends that the state courts have not sent a clear signal to him that continued criminal activity will lead to escalating sentences. He contends that he "did not appreciate the consequences he may face for another conviction, particularly under federal law," and that "[h]is sentence, therefore, needs to be more significant, but not ten times more than his previous 18 month sentences." Motion at 9. He also asserts that his 1995 convictions are old, which further justifies a downward variance. Martinez requests that the Court sentence him to 92 months.

The United States opposes Martinez' request. The United States asserts that Martinez' status as a career criminal is well-earned. It notes that Martinez' criminal history spans twenty-five years, and includes

> three felony convictions in 1993, two misdemeanor convictions in 1994, two felony convictions in 2000, a probation revocation and felony conviction in 2002, parole revocation in 2006, a felony conviction in 2007, a probation revocation in 2008 for which Defendant still has time to serve, along with the present case from 2008.

Response at 4. The United States further asserts that, "although the Sentencing Guidelines direct that any career offender be awarded a criminal history category of VI, Defendant has clearly earned

that category simply by virtue of his accumulation of 20 criminal history points." Response at 4.

The United States notes that Martinez has received several sentences of more than 18 months. It notes, as an example, Martinez' 1995 sentencing to several consecutive sentences that were suspended except for four-years imprisonment. The United States notes that Martinez was also sentenced to more than two-years imprisonment for a parole revocation in 2001 and to four-years imprisonment in 2008 for another parole violation. The United States argues that, because Martinez' prior imprisonments were insufficient to deter him from continuing to break the law, the Court should sentence him within the guideline imprisonment range of 188 to 235 months.

The Court notes that Martinez distributed 56.5 grams -- 17.1 actual grams -- of methamphetamine. The Court has considered carefully the parties' arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Martinez' offense. The Court also believes, however, that Martinez' proposed sentence of 92 months does not adequately reflect the seriousness of his offense or adequately reflect his criminal history. The Court believes that Martinez' sentence needs to reflect his career offender status, which a sentence of 92 months would discount entirely. Congress and the Sentencing Commission have indicated that career offenders should be treated more harshly than defendants without so extensive a criminal history, and the Court is reluctant to ignore that distinction, particularly when it comes from the political branches of government, which reflect the nation's democratic voice. On the other hand, the Court believes a sentence of 188 months is a shocking increase in his sentence -- approximately doubling an already substantial sentence -- and considerably more than the state court sentences he has received. Martinez has spent 127 months total in state custody. Despite his time being incarcerated, Martinez continues to break the law. His

federal sentence thus needs to be longer than what he has served to date, because the state sentences have not sufficiently deterred him. The Court also notes, however, that many of Martinez' conviction are old and largely spring from his efforts to feed his drug addiction. Martinez' 1995 marijuana distribution convictions involved three instances. One instance involved a substantial quantity of drug -- 4.5 kilograms of marijuana -- but in that case Martinez only drove a confidential informant to the seller. The other two convictions are for relatively small amounts of marijuana -- twenty-one and sixteen grams. The picture that the Court gets of Martinez is that he has a serious drug addiction and uses crime to support his habit; a 188-month sentence seems high for what is, for the most part, a user feeding his addiction. At the sentencing hearing, Martinez represented that he has begun to receive treatment for his addiction. The Court believes that some of the conditions of supervised release it will impose will help Martinez to continue to improve his life and to leave drugs behind. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court finds that it is more appropriate to treat this like an offense level 26, which, with his criminal history category VI, produces a sentencing guideline range of 120 to 150 months. Martinez has spent a sum total of 127 months in custody for his state offenses. This range is the lowest range that includes the total number of months Martinez has served in state custody. The Court believes that a sentence of 120 months, at the low end of that range, is appropriate to reflect Martinez' criminal history and the seriousness of Martinez' crime, and establishes an appropriate balance between the sentences Martinez has received in state court and the sentence Congress and the Sentencing Commission recommend for his federal offense. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the

Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Martinez' criminal history is adequately reflected in this sentence, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act. The term shall run concurrent to Martinez' sentence from Case No. D-1116-CR-200700713 in the Eleventh Judicial District Court in Farmington, New Mexico, if he has any time remaining from that sentence.

**IT IS ORDERED** that the Defendant's Motion for Variance is granted in part and denied in part. The Court will deny Defendant Ernie Martinez' request for a sentence of 92 months, but will vary from the advisory guideline range and sentence Martinez to 120-months incarceration. The term shall run concurrent to Martinez' sentence from Case No. D-1116-CR-200700713 in the Eleventh Judicial District Court in Farmington, New Mexico.

                                                                                     _____
                                                                                    UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jon K. Stanford
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

David A. Streubel
Streubel, Kochersberger & Mortimer, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendant*