# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Ernie Martinez** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR02619-001JB** |
| | USM Number: **54022-051** |
| | Defense Attorney: **David Streubel, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(B) | Distribution of 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine | 08/25/2008 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 7, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**August 8, 2011**
Date Signed

Defendant: **Ernie Martinez**
Case Number: **1:09CR02619-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 months**.

**Said term shall run concurrently to the sentence imposed in Case No. D-1116-CR-200700713 in the Eleventh Judicial District Court in Farmington, New Mexico.**

**The Court incorporates by reference its Memorandum Opinion and Order, filed August 2, 2011 (Doc. 49). The Court accepts the plea agreement in this case, which primarily relates to the waiver of appeal and acceptance of responsibility. The Court has reviewed the PSR`s factual findings and sentencing guideline applications with care. There not being any objection to the factual findings or guideline applications in the PSR, the Court will adopt those as its own. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a)(1) through (7), including the finding that the defendant is a career offender. Defendant Ernie Martinez` offense level is 31 and his criminal history category is VI. The guideline imprisonment range is 188 to 235 months.**

**Martinez requests that the Court vary downward to a sentence of 92 months, which is the equivalent of assessing no career criminal enhancement. Martinez asserts that his prior offenses, "except one fleeing offense and one offense of sending threatening letters, are non-violent drug crimes." Motion at 1. He further asserts that his federal offense currently before the Court was non-violent. U.S.S.G. § 4B1.1(a) provides: A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Martinez concedes that his conviction for "Aggravated Fleeing a Law Enforcement Officer under New Mexico Law qualifies as a crime of violence under § 4B1.2 pursuant to a categorical analysis." Motion at 7 (citing United States v. McConnell, 605 F.3d 822, 828 (10th Cir. 2010)("[P]rior convictions for eluding and evading police, at least when they involve a vehicle, should . . . categorically be deemed to present a serious potential risk of physical injury to another." (quoting United States v. West, 550 F.3d 952, 964 (10th Cir. 2008))(alterations in original)). Martinez thus does not contest that he qualifies as a career criminal under this provision, see Motion at 9 ("Probation correctly applied U.S.S.G. § 4B1.1(b)(B) . . . ."); he asserts, rather, that the career criminal enhancement produces an excessive punishment under the circumstances of his case. He requests that the Court vary downward pursuant to 18 U.S.C. § 3553(a). He contends that the longest sentence he received from the state of New Mexico was 18 months. Based on the state`s sentencing pattern, he contends that the state courts have not sent a clear signal to him that continued criminal activity will lead to escalating sentences. He contends that he "did not appreciate the consequences he may face for another conviction, particularly under federal law," and that "[h]is sentence, therefore, needs to be more significant, but not ten times more than his previous 18 month sentences." Motion at 9. He also asserts that his 1995 convictions are old, which further justifies a downward variance. Martinez requests that the Court sentence him to 92 months.**

**Plaintiff United States of America opposes Martinez` request. The United States asserts that Martinez` status as a career criminal is well-earned. It notes that Martinez` criminal history spans twenty-five years, and includes three felony convictions in 1993, two misdemeanor convictions in 1994, two felony convictions in 2000, a probation revocation and felony conviction in 2002, parole revocation in 2006, a felony conviction in 2007, a probation revocation in 2008 for which Defendant still has time to serve, along with the present case from 2008. Response at 4. The United States further asserts that, "although the Sentencing Guidelines direct that any career offender be awarded a criminal history category of VI, Defendant has clearly earned that category simply by virtue of his accumulation of 20 criminal history points." Response at 4.**

**The United States notes that Martinez has received several sentences of more than 18 months. It notes, as an example, Martinez` 1995 sentencing to several consecutive sentences that were suspended except for four-years imprisonment. The United States notes that Martinez was also sentenced to more than two-years imprisonment for a parole revocation in 2001 and to four-years imprisonment in 2008 for another parole violation. The United States argues that, because Martinez` prior imprisonments were insufficient to deter him from continuing to break the law, the Court should sentence him within the guideline imprisonment range of 188 to 235 months.**

**The Court notes that Martinez distributed 56.5 grams -- 17.1 actual grams -- of methamphetamine. The Court has considered carefully the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines**

set forth is not appropriate for Martinez` offense. The Court also believes, however, that Martinez` proposed sentence of 92 months does not adequately reflect the seriousness of his offense or adequately reflect his criminal history. The Court believes that Martinez` sentence needs to reflect his career offender status, which a sentence of 92 months would discount entirely. Congress and the Sentencing Commission have indicated that career offenders should be treated more harshly than defendants without so extensive a criminal history, and the Court is reluctant to ignore that distinction, particularly when it comes from the political branches of government, which reflect the nation`s democratic voice. On the other hand, the Court believes a sentence of 188 months is a shocking increase in his sentence -- approximately doubling an already substantial sentence -- and considerably more than the state court sentences he has received. Martinez has spent 127 months total in state custody. Despite his time being incarcerated, Martinez continues to break the law. His federal sentence thus needs to be longer than what he has served to date, because the state sentences have not sufficiently deterred him. The Court also notes, however, that many of Martinez` conviction are old and largely spring from his efforts to feed his drug addiction. Martinez` 1995 marijuana distribution convictions involved three instances. One instance involved a substantial quantity of drug -- 4.5 kilograms of marijuana -- but in that case Martinez only drove a confidential informant to the seller. The other two convictions are for relatively small amounts of marijuana -- twenty-one and sixteen grams. The picture that the Court gets of Martinez is that he has a serious drug addiction and uses crime to support his habit; a 188-month sentence seems high for what is, for the most part, a user feeding his addiction. At the sentencing hearing, Martinez represented that he has begun to receive treatment for his addiction. The Court believes that some of the conditions of supervised release it will impose will help Martinez to continue to improve his life and to leave drugs behind. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court finds that it is more appropriate to treat this like an offense level 26, which, with his criminal history category VI, produces a sentencing guideline range of 120 to 150 months. Martinez has spent a sum total of 127 months in custody for his state offenses. This range is the lowest range that includes the total number of months Martinez has served in state custody. The Court believes that a sentence of 120 months, at the low end of that range, is appropriate to reflect Martinez` criminal history and the seriousness of Martinez` crime, and establishes an appropriate balance between the sentences Martinez has received in state court and the sentence Congress and the Sentencing Commission recommend for his federal offense. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Martinez` criminal history is adequately reflected in this sentence, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

☒ The court makes the following recommendations to the Bureau of Prisons:

**Florence Federal Correctional Institution, Florence, Colorado, if eligible**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at   on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By 
DEPUTY UNITED STATES MARSHAL

Defendant: **Ernie Martinez**
Case Number: **1:09CR02619-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

| | |
|---|---|
| ☐ | The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.) |
| ☒ | The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable). |
| ☒ | The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable). |
| ☐ | The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.) |
| ☐ | The defendant shall participate in an approved program for domestic violence. (Check, if applicable) |

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Ernie Martinez**
Case Number: **1:09CR02619-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting alcohol, drugs, or any illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**As to the following standard condition, it shall not apply to employers: As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing or outpatient counseling. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

Defendant: **Ernie Martinez**
Case Number: **1:09CR02619-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐       The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A      ☒   In full immediately; or
B      ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.