IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            No.    09-cr-2619 JB
                                                                              16-cv-0388 JB/SMV

ERNIE MARTINEZ,

    Defendant.

**ORDER TO SHOW CAUSE WHY RULING SHOULD NOT BE STAYED
PENDING RULING IN *BECKLES***

THIS MATTER is before the Court on Mr. Martinez's Motion to Correct Sentence Under 28 U.S.C. § 2255, filed June 21, 2016, [CV Doc. 5], [CR Doc. 62], and his Supplemental Motion to Correct Sentence Under 28 U.S.C. § 2255, filed July 29, 2016.  [CV Doc. 12], [CR Doc. 69]. The United States responded on October 6, 2016.  [CV Doc. 13], [CR Doc. 70].  Mr. Martinez did not file a reply, and the time to do so has passed.  Having reviewed the parties' briefing, the Court orders the parties to show cause, by November 18, 2016, why ruling on Mr. Martinez's motion should not be stayed pending the Supreme Court's decision in *United States v. Beckles* (S. Ct. No. 15-8544).

Mr. Martinez has moved to vacate his sentence as unconstitutional pursuant to 28 U.S.C. § 2255.  He asserts that he was sentenced under the so-called residual clause of the definition of "crime of violence" found in the career offender guideline of the United States Sentencing Guidelines.  [CV Doc. 12], [CR Doc. 69] at 1–3.  He argues that the Court should extend to his case the logic of the Supreme Court's holding in *United States v. Johnson*, 135 S. Ct. 2551, 2557 (2015), in which the Court held as void for vagueness the so-called residual clause of the

definition of "violent felony" found in the Armed Career Criminal Act. [CV Doc. 12], [CR Doc. 69] at 4. Because the language in the respective residual clauses is "identical," Mr. Martinez asserts, the residual clause in the career offender guideline is also void for vagueness, and he should be resentenced. *Id.* at 4, 7–8. In its response, the United States argues that *Johnson* does not apply retroactively to guidelines cases on collateral review. [CV Doc. 13], [CR Doc. 70] at 4.

The Tenth Circuit has invalidated, under *Johnson*, the residual clause of the career offender guideline. *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). *Madrid*, however, was a direct appeal; the Tenth Circuit has not decided whether the rule in *Madrid* applies retroactively. These issues—whether *Johnson* should be extended to the career offender guideline, and, if so, whether such ruling should apply retroactively—are currently before the Supreme Court in *Beckles v. United States* (S. Ct. No. 15-8544). The Court believes awaiting a ruling in *Beckles* would be prudent.

**IT IS THEREFORE ORDERED** that no later than **Friday, November 18, 2016,** the parties show cause why ruling on Mr. Martinez's motion should not be stayed pending the Supreme Court's decision in *United States v. Beckles* (S. Ct. No. 15-8544).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**